a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BRIAN L. FRAZIER, Petitioner | CIVIL DOCKET NO. 1:19-CV-696-P |
| VERSUS | JUDGE DRELL |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1) filed by *pro se* Petitioner Brian L. Frazier ("Frazier") (#624162). Frazier is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Concordia Parish Correctional Facility in Ferriday, Louisiana. Frazier challenges his sentence imposed in the Ninth Judicial District Court, Rapides Parish.

Because three of Frazier's claims are procedurally defaulted, they should be DISMISSED. Frazier's other claims should be SERVED on Respondent.

I. Background

Frazier was indicted for the second-degree murder of Jarvis Dwellingham. A jury found Frazier guilty of the lesser included offense of manslaughter. Frazier was sentenced to 20 years at hard labor. State v. Frazier, 2014-1132 (La.App. 3 Cir. 3/4/15); 157 So.3d 1266, 1268, writ denied, 2015-0657 (La. 2/26/16); 187 So.3d 467.

On appeal, Frazier argued that "the evidence established that he was acting in self-defense, the homicide was justified, and the evidence did not support his conviction." Id. Additionally, Frazier claimed that "he should have been granted a

new trial based on an incorrect jury instruction, or, alternatively, he should get a new trial because ineffective counsel failed to object to the incorrect instruction." Id. Further, Frazier claimed that the trial court erred by instructing the jury it could consider flight as relevant evidence when the evidence did not establish his flight. Id. Finally, Frazier maintained that his sentence was excessive. The appellate court affirmed the conviction and sentence, and the Louisiana Supreme Court denied writs. Id.

Frazier filed an application for post-conviction relief in the trial court claiming that he received ineffective assistance of counsel at trial when: (1) his attorney failed to object to the removal of negligent homicide as a responsive verdict; (2) his attorney failed to object to an incorrect jury instruction regarding self-defense; and (3) his attorney failed to object to a jury instruction regarding flight. (Doc. 1-5, pp. 44-49). The trial court denied the application. The appellate court found that the first claim was repetitive. (Doc. 1-2, p. 5). It also determined that the trial court correctly concluded the record did not support a verdict of negligent homicide but did support a jury instruction on flight. (Doc. 1-2, p. 5). The Louisiana Supreme Court denied writs, finding that Frazier failed to show he received ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984). State v. Frazier, 2018-1287 (La. 4/8/19); 267 So.3d 60.

In his § 2254 Petition, Frazier raises the sufficiency of the evidence claim, the excessive sentence claim, and the three ineffective assistance of counsel claims. (Doc. 1, pp. 7-13). However, Frazier also presents three admittedly unexhausted claims.

2

(Doc. 1, pp. 14-21). First, Frazier claims that, because he was convicted by a non-unanimous jury, his conviction violates the Constitution[1]. (Doc. 1, pp. 17-18). Frazier also complains that his attorney was ineffective for failing to submit into evidence Facebook posts made by the victim the night before and day of his death. (Doc. 1, p. 14). Finally, Frazier complains that a "CID Supplemental Report" was not entered in evidence. (Doc. 1, p. 16).

## II.  Law and Analysis

Before seeking federal habeas corpus relief, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. See Baldwin v. Reese, 541 U.S. 27, 29 (2004); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); 28 U.S.C. § 2254(b)(1). To provide the State with this necessary "opportunity," the prisoner must "fairly present" his claim to the appropriate state court in a manner that alerts that court to the federal nature of the claim. Baldwin v. Reese, 541 U.S. at 29-32 (rejecting the argument that a petitioner "fairly presents" a federal claim, despite failing to give any indication in his appellate brief of the federal nature of the claim through reference to any federal source of law, when the state appellate court could have discerned the federal nature of the claim through review of the lower state court opinion); Gray v. Netherland, 518 U.S. 152, 162-63 (1996) (claim for federal relief must include reference to a specific

---

[1] Frazier points out that the Supreme Court of the United States has granted a petition for writ of certiorari regarding split jury decisions in Louisiana (Doc. 1, pp. 17-18), and oral argument is scheduled for October 7, 2019. Ramos v. Louisiana, 139 S.Ct. 1318 (2019). https://www.supremecourt.gov/docket/docketfiles/html/public/18-5924.html

constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief).

Procedural default exists where: (1) a state court clearly and expressly bases its dismissal of the petitioner's constitutional claim on a state procedural rule and that procedural rule provides an independent and adequate ground for the dismissal ("traditional" procedural default); or (2) the petitioner fails to properly exhaust all available state court remedies, and the state court which he would be required to petition would now find the claims procedurally barred ("technical" procedural default).  In either instance, the petitioner is considered to have forfeited his federal habeas claims.  Bledsue v. Johnson, 188 F.3d 250, 254–5 (5th Cir. 1999).  The grounds for traditional procedural default must be based on the actions of the last state court rendering a judgment.  Harris v. Reed, 489 U.S. 255, 262 (1989).

In this case, Frazier alleges that he exhausted state court remedies as to all but three claims.  Because his conviction became final on May 26, 2016, and Louisiana law affords two years within which to seek post-conviction relief, La. C. Cr. P. art. 930.8, the claims are now procedurally barred.  Thus, Frazier's unexhausted claims are procedurally defaulted.

A habeas petitioner can overcome a procedural default by showing cause and actual prejudice for his default or demonstrating that the federal court's failure to review the defaulted claim will result in a "fundamental miscarriage of justice." Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997).  To establish cause, the petitioner

must show that some external, objective factor impeded his efforts to raise the claim in a procedurally proper manner.

"Examples of external impediments include active governmental interference or the reasonable unavailability of the factual or legal basis for the claim." Hughes v. Quarterman, 530 F.3d 336, 341 (5th Cir. 2008) (quoting Rodriguez v. Johnson, 104 F.3d 694, 697 (5th Cir. 1997)) (internal quotations omitted). A finding of fundamental miscarriage of justice, on the other hand, depends on a "colorable showing of factual innocence." Kuhlmann v. Wilson, 477 U.S. 436, 434 (1986). The factual innocence standard means that the petitioner must show a fair probability that, considering all of the evidence now available, the trier of fact would have entertained a reasonable doubt as to the defendant's guilt. Campos v. Johnson, 958 F. Supp. 1180, 1195 (W.D. Tex. 1997). Frazier has not alleged an external cause for his failure to raise the unexhausted claims in his post-conviction proceedings.

Frazier cannot establish a fundamental miscarriage of justice as to the defaulted claims. Frazier does not assert his actual innocence by showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 496; Glover v. Cain, 128 F.3d 900, 904 (5th Cir. 1997). Frazier has not shown as a factual matter that he is actually innocent of the crime. See Corwin v. Johnson, 150 F.3d 467, 473 (5th Cir. 1998); Ward v. Cain, 53 F.3d 106, 108 (5th Cir. 1995). Thus, Frazier cannot establish that he will suffer a fundamental miscarriage of justice from this Court's failure to consider the unexhausted, but procedurally defaulted, federal constitutional claims.

As for the claim regarding split juries, should the United States Supreme Court grant relief in its pending case, and make that relief retroactively applicable on collateral review, Frazier can then raise the claim in the appropriate courts.

## III. Conclusion

Because Frazier's claims regarding the non-unanimous jury and ineffective assistance in failing to submit into evidence Facebook posts and a "CID Supplemental Report" are procedurally defaulted, IT IS RECOMMENDED that these claims be DENIED and DISMISSED WITH PREJUDICE. Frazier's other claims will be served in accordance with a separate Order.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party

from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this __29th__ day of July 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE